

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| STEVEN THOMPSON, | )  )  ) |
| Plaintiff, | )  )  ) |
| VS. | )   No. 05-1162-T/An  ) |
| BILLY TURNER, ET AL., | )  )  ) |
| Defendants. | ) |

---

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Steven Thompson, Tennessee Department of Correction ("TDOC") prisoner number 285030, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 15, 2005. The Clerk of Court shall record the defendants as Billy Turner, whose position at the WTSP is not stated in the complaint; WTSP Warden David Mills; Unit Manager J.D. Cole; Internal Affairs Officer Russell Kesler; and Dr. Don Willey.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 11/9/05

3

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer. Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $250 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing

3

by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WTSP to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.     Analysis of Plaintiff's Claims

The complaint alleges that, on or about January 8, 2005, plaintiff advised defendant Turner that he was having problems with other inmates in the area in which he was housed and he believed his life was in danger. Turner advised the plaintiff to submit a written request and stated that he would get to it when he could. On or about January 15, 2005, plaintiff was assaulted by two other prisoners. Prior to the assault, plaintiff had allegedly informed Turner, for the second time, that he believed he was in danger. As a result of the assault, plaintiff received three plates in the upper part of his face, jaw, and chin, a partial loss of vision in his left eye, and began experiencing severe migraines headaches.

Plaintiff further alleges that, since January 15, 2005, defendant Willey has denied him proper medical care. In particular, plaintiff complains that Willey put the plaintiff on blood pressure medication and, because plaintiff has no problems with his heart or blood, his blood pressure rose to a dangerous level.

The complaint seeks declaratory and injunctive relief. Although the complaint does not explicitly ask for money damages, it can perhaps be assumed that, by asking that the Court declare that the defendants are "reliable [sic] for [the alleged constitutional] violations," the plaintiff is, in effect, seeking monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison

5

officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating that he exhausted each of his claims. The plaintiff alleges that, on or about May 4, 2005, he submitted an emergency grievance concerning the allegedly substandard medical care provided by defendant Willey, but he did not submit a copy of the grievance or describe in detail the resolution of it, including whether he appealed to the warden and the TDOC commissioner.

The complaint alleges that plaintiff filed a grievance concerning the alleged assault shortly after the incident, which was returned to him for unspecified reasons. He further

6

alleges that he filed a second grievance on or about May 30, 2005. Attached to the complaint is a copy of a grievance, dated May 2, 2005, concerning the alleged assault. The grievance names defendants Turner, Miller, Mills, and Cole. The plaintiff says he never received a response to the grievance. However, it is not possible to verify that the grievance was properly submitted, since it was not assigned a number by the grievance clerk. Boyd, 380 F.3d at 999-1000. Moreover, TDOC policy provides that, if a response to a grievance is not timely received, an inmate is entitled to move to the next level of the grievance process. TDOC, Admin. Pol. & Proc., Index No. 501.01, ¶ VI.D (May 1, 2004). Nothing in the complaint indicates that the plaintiff took any steps to exhaust his claims after he purportedly submitted a grievance on May 30, 2005. In light of the fact that the complaint in this case was received by the Clerk on June 15, 2005, plaintiff did not have sufficient time to complete each step of the grievance process.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[2] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. As a result, a case must be dismissed unless a prisoner has exhausted each

---

[2] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

7

of his claims with respect to every defendant named in each claim. Foushee v. Wiggins, No. 3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005). Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III.  Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir.

---

[3] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

8

1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(a)-(b).

 IT IS SO ORDERED this 9th day of November, 2005.

*James D. Todd*

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:05-CV-01162 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

Steven Thompson
West TN State Penitentiary
285030
408 Greeen Chapel Road
Henning, TN 38041

Honorable James Todd
US DISTRICT COURT